IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| JUAN JAVIER ORNELAS | § | |
| VS. | § | CIVIL ACTION NO.   9:18-CV-65 |
| LEONTYNE HAYNES | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Juan Javier Ornelas, a prisoner previously confined at the Eastham Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se* and *in forma pauperis*, brings this civil rights action pursuant to 42 U.S.C. § 1983 against Leontyne Haynes.

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Defendant filed a motion for summary judgment. This report and recommendation considers the merits of the motion.

Factual Background

Plaintiff alleges the defendant was employed as the Safe Prisons Officer at the Eastham Unit in 2017. As part of her job duties, the defendant was responsible for documenting and reporting claims of sexual abuse. On January 21, 2017, plaintiff filed a grievance in which he reported sexual abuse by another prisoner and staff misconduct. The grievance triggered an investigation into the abuse, which had taken place at another prison unit. As part of the investigation, plaintiff alleges the defendant interviewed him on February 8, 2017. Plaintiff alleges the defendant was angry that

plaintiff had not reported the sexual abuse at the time it occurred in 2015 and 2016. The defendant allegedly told plaintiff that he could not report sexual abuse that occurred in 2015 because he could not prove it took place. Plaintiff alleges the defendant told him that he would get disciplinary and criminal cases for lying if he pursued his claim of sexual abuse.

On February 28, 2017, the Office of the Inspector General opened another investigation into plaintiff's allegations of sexual abuse. After the second investigation was initiated, the defendant allegedly filed a disciplinary case against plaintiff for making a false charge of sexual abuse. Plaintiff alleges he was subsequently found not guilty of the disciplinary infraction.

## Defendant's Motion for Summary Judgment

Defendant contends that she is entitled to summary judgment because plaintiff did not exhaust administrative remedies before he filed this lawsuit.

## Standard of Review

Under Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. PRO. 56(a). A fact is material if it could affect the outcome of the case under the governing law. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986); *Instone Travel Tech Marine & Offshore v. International Shipping Partners*, 334 F.3d 423, 427 (5th Cir. 2003). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248; *Instone Travel Tech*, 334 F.3d at 427.

Because summary judgment is a final adjudication on the merits, courts must employ the device cautiously. *Hulsey v. State of Texas*, 929 F.2d 168, 170 (5th Cir. 1991). In prisoner *pro se*

cases, courts must be careful to "guard against premature truncation of legitimate lawsuits merely because of unskilled presentations." *Jackson v. Cain*, 864 F.2d 1235, 1241 (5th Cir. 1989) (*quoting Murrell v. Bennett,* 615 F.2d 306, 311 (5th Cir. 1980)).

Analysis

Title 42 U.S.C. § 1997e(a) requires prisoners to exhaust administrative remedies before filing a civil rights action. *Johnson v. Johnson*, 385 F.3d 503, 515 (5th Cir. 2004). The statute provides, "No action shall be brought with respect to prison conditions under § 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion of administrative remedies is mandatory and is intended to give correctional officials an opportunity to address complaints internally before initiation of a federal suit. *See Porter v. Nussle*, 534 U.S. 516, 525 (2002). The exhaustion requirement applies to all inmate suits concerning prison life, whether they involve general circumstances or particular episodes. *Id.* at 532. Prisoners must exhaust administrative remedies before filing a lawsuit regardless of the type of relief prayed for in the complaint. *Booth v. Churner*, 532 U.S. 731, 741 (2001). Because exhaustion is a threshold issue, the district court may resolve factual disputes concerning exhaustion without a jury. *Dillon v. Rogers*, 596 F.3d 260, 272 (5th Cir. 2010).

The primary purpose of a grievance is to alert prison officials to a problem so that it can be addressed, not to provide notice to a prison employee of a possible lawsuit. *Johnson*, 385 F.3d at 522. Thus, it is not necessary for a prisoner to identify future defendants by name in the grievance in every circumstance. *Id*. at 517. Nor is it necessary for an inmate to allege a legal theory or every fact that would support a legal theory in his grievance. *Id.* at 517-18. "A grievance should be

considered sufficient to the extent that the grievance gives officials a fair opportunity to address the problem that will later form the basis of the lawsuit." *Id*. at 517.

The Texas Department of Criminal Justice, Correctional Institutions Division has a two-step grievance procedure available to inmates. *Wendell v. Asher*, 162 F.3d 887, 891 (5th Cir. 1998). The prisoner must pursue the grievance through both steps for his claim to be exhausted. *Johnson*, 385 F.3d at 515. A prisoner does not exhaust administrative remedies by simply filing each step without regard for procedural requirements. "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006).

In this case, plaintiff did not file a grievance concerning his allegations that the defendant retaliated against him for reporting sexual assaults. On January 21, 2017, plaintiff filed a Step 1 grievance, No. 2017079154, in which he alleged that he had been sexually assaulted at another prison unit in 2015 and 2016. The Step 1 grievance was filed before the defendant allegedly retaliated against the plaintiff. In response to the Step 1 grievance, the warden advised plaintiff that an investigation had been conducted, and the offender who matched plaintiff's description of the perpetrator was no longer confined in TDCJ. Plaintiff was also notified that the Office of the Inspector General was opening an investigation. Plaintiff appealed the decision by filing a lengthy Step 2 grievance. In the last sentence of the Step 2 grievance, plaintiff alleged for the first time that the defendant had retaliated against him for reporting the sexual assaults. According to the prisoner handbook, a Step 2 grievance is an appeal process for inmates who are dissatisfied with the response to a Step 1 grievance. (Defendant's Motion for Summary Judgment, Exhibit B at 87.) Furthermore,

4

the handbook states that only one issue may be raised for each grievance, and it does not contain any provision allowing new issues to be raised in Step 2. Therefore, plaintiff's retaliation claim was not properly raised in the Step 2 grievance. As a result, plaintiff's claims against the defendant are unexhausted and should be dismissed.

## Recommendation

Defendant's motion for summary judgment should be granted.

## Objections

Within fourteen days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996)(en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

SIGNED this 7th day of January, 2021.

_____
Zack Hawthorn
United States Magistrate Judge